DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) | CASE NO. 5:07-CV-2715 |
| as subrogee of Akron General Health | ) |  |
| System | ) |  |
|  | ) | MEMORANDUM OPINION |
| Plaintiff, | ) | AND ORDER |
| v. | ) | (Resolving ECFs 57, 68, and 71) |
|  | ) |  |
| CHROMALOX, INC. et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

Pending before the Court is Emerson Electric Co.'s ("Emerson") motion to correct the record and reconsider (ECF 57).  Plaintiff Federal Insurance Company ("Federal Insurance") has responded (ECF 60) and Emerson has replied (ECF 62).

Also pending before the Court is Emerson's unopposed motion to preclude Federal Insurance's expert, Gary Michal, from testifying on warnings (ECF 68) and Emerson's motion for sanctions (ECF 71).  Federal Insurance has responded to Emerson's motion for sanctions (ECF 73) and Emerson has replied (ECF 74).

For the reasons set forth below, the Court DENIES Emerson's motion to amend its answer to add the affirmative defense that Federal Insurance's claim is time barred under Ohio Rev. Code § 2305.10.  The Court GRANTS Emerson's motion to amend its answer to assert the affirmative defense that any risk about which Emerson failed to warn was open and obvious and/or a matter of common knowledge.  The Court GRANTS Emerson's motion to preclude Federal Insurance's expert Gary Michal from testifying on warnings.  Finally, the Court DENIES Emerson's motion for sanctions.

(5:07 CV 2715)

## I. BACKGROUND

This is a subrogation action brought by plaintiff Federal Insurance to recover money paid on a claim by Akron General Hospital for water damage that occurred when the steel plug of a heating element manufactured by defendant Emerson, that was screwed into a bronze heating tank (also manufactured by Emerson), corroded and leaked.  See the Court's memorandum opinion and order, "Background" section for a detailed recitation of facts.  ECF 75.

## II.  LAW AND ANALYSIS

a. <u>Motion to Correct the Record</u>

The analysis of Emerson's motion must begin with a recitation of some of the case's procedural history, including Emerson's motion for leave to amend its answer, ECF 53.  In that motion, Emerson moved to add affirmative defenses to its answer in response to plaintiff's failure to warn claim. Specifically, Emerson sought to add the time bar defense of Ohio Rev. Code § 2305.10 and the defense that any defect was open and obvious and/or a matter of common knowledge.  ECF 53-1, p.4.  This Court, in its March 3, 2009 Order, set deadlines for any opposition and reply.  ECF 54.  Federal Insurance opposed the motion to amend, (ECF 55) and the Court thereafter denied Emerson's motion to amend.  ECF 56.

Emerson moved to correct what it alleged were mis-statements in Federal Insurance's opposition brief and moved this Court to reconsider its order denying Emerson's motion to amend.  ECF 57.  This Court fixed a date by which Federal Insurance was to submit its opposition (ECF 58), and Federal Insurance timely filed same.  ECF 60.  Thereafter, with leave of this Court,  Emerson replied to Federal Insurance's opposition.  ECFs 61 & 62.

2

(5:07 CV 2715)

Emerson then filed its motion to dismiss and for summary judgment, or in the alternative, to prohibit introduction of claims through expert testimony.  ECF 66.

This Court issued a memorandum opinion and order (ECF 75) addressing the issues raised in Emerson's motion to dismiss and for summary judgment.  ECF 66.  Included in that opinion, this Court likewise analyzed and disposed of the two issues raised in Emerson's motion to amend and to reconsider; to wit, whether Emerson should be permitted to add the time bar affirmative defense under Ohio Rev. Code § 2305.10 and the affirmative defense that any risk about which Emerson failed to warn was open and obvious and/or a matter of common knowledge.

This Court denied, as moot, Emerson's motion to amend its answer to add the time bar defense, having found that the statute of repose *did not apply* to bar Federal Insurance's claims. (See ECF 75, p. 8, n. 14.)[1]

This Court reconsidered its decision that Emerson could not amend its answer to add the affirmative defense of open and obvious risk/matter of common knowledge.  Specifically, the Court found that Federal Insurance would not suffer prejudice if the motion were granted since its retained experts had already suggested the alleged defect *was not* open or obvious and required a warning.  The Court found, further, that the issue of delay was moot and that delay alone was not sufficient to deny such a motion to amend (See complete analysis, ECF 75, pp. 18-20.)  The Court, therefore, decided to allow Emerson to amend its answer to assert the

---

[1]Specifically, the Court found the matter disposed of when it concluded that the statute of repose did not apply.

3

(5:07 CV 2715)

affirmative defense that any risk about which Emerson failed to warn was open and obvious and/or a matter of common knowledge.

### b. Preclusion of Warning Testimony from Expert Gary Michal

Emerson has moved, under Fed. R. Evid. 702, to preclude Federal Insurance's metallurgical expert from offering expert testimony regarding the need for a warning on Emerson's water heater and replacement heating element.  According to Emerson, Gary Michal cannot offer these opinions because his training and expertise are not related to this opinion and the opinion is not based on scientifically valid principals.

Federal Insurance did not oppose the motion.

Mr. Michal testified at his deposition that his observation that the water heater in 2001 did not contain the same wording as the heater in 2007 was not even an opinion, it was just a "statement of fact."  ECF 68-3, p.9.  He testified further that he did no studies or scientific analysis to substantiate his opinion that there would be a reduction of risk had Emerson provided adequate information about the metal's base (ECF 68-3, p. 14) and that he has no expertise in warnings and human behavior interacting with warnings.  ECF 68-3, p. 6.

The trial judge must determine whether the proposed expert arrived at his opinion in a reliable fashion, even if the expert himself is qualified.  *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 154 (1999).  Further, the court must determine whether the expert's training and qualifications relate to the subject matter of his proposed testimony.  *Smelser v. Norfolk Southern Ry. Co.,* 105 F.3d 299, 303 (6th Cir. 1997).

(5:07 CV 2715)

In this case, Michal's statements that warnings would have reduced risk do not rise to the level of opinions under Fed. R. Evid. 702.  He did not arrive at his opinion at a reliable fashion having admitted he did no studies or scientific analysis.  *Kumho Tire* at 137.  Further, Michal also has no training or expertise in warnings and human behavior and thus any opinion rendered on the effect such warnings would have had are without any scientific basis.  *Smelser* at 303.

Thus, Michal will be precluded from testifying on the effects warnings would have had as they relate to the water heater and the replacement heating element.  The Court notes that Federal Insurance's other expert Andrew Keller has offered opinions on warnings and that Federal Insurance, therefore, will not be left without an expert on the issue of warnings as a result of this ruling. (See ECF 66-5, pp. 9-11).

c. Sanctions

Rule 11 of the Fed. R. Civ. P.  provides, in pertinent part:

The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

A party seeking sanctions first serve the motion on the opposing party and then wait at least twenty-one days (or another period designated by the court) before filing the motion with the court." *Rentz v. Dynasty Apparel Industries, Inc.*, 556 F.3d 389, 393, n. 2 (6th Cir. 2009). Sanctions are not available unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court.

5

(5:07 CV 2715)

*Uszak v. Yellow Transp., Inc.*, 2009 WL 2568101, *5 (6th Cir.2009) (citing *Ridder v. City of Springfield,* 109 F.3d 288, 297 (6th Cir.1997).

    Emerson did not provide Federal Insurance with an advance copy of its motion for sanctions 21 days before filing it with this Court.  This left Federal Insurance no opportunity to correct the object of Emerson's motion, as intended by the Rule.  There is no evidence Emerson complied with the 'safe harbor' requirement as set forth in Rule 11.  *Rentz,* at 393, n.2, *Uszak,* at *5.  Therefore, its motion for sanctions is denied.

### III.  CONCLUSION

    For these reasons, defendant Emerson Electric Company's motion to correct the record and reconsider (ECF 57) is DENIED in part and GRANTED in part; the Court DENIES Emerson's motion to amend its answer to add the affirmative defense that Federal Insurance's claim is time barred under Ohio Rev. Code § 2305.10 and GRANTS Emerson's motion to amend its answer to assert the affirmative defense that any risk about which Emerson failed to warn was open and obvious and/or a matter of common knowledge.  Emerson Electric Company's motion to preclude Federal Insurance's expert Gary Michel from testifying about warnings at trial (ECF 68) is GRANTED and its motion for sanctions (ECF 71) is DENIED.

    IT IS SO ORDERED.

 January 7, 2010            _S/ David D. Dowd, Jr._
Date                      David D. Dowd, Jr.
                          U.S. District Judge