DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) | CASE NO. 5:07 CV 2715 |
| as subrogee of Akron General Health | ) | |
| System | ) | |
| | ) | MEMORANDUM OPINION |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CHROMALOX, INC. et al., | ) | |
| | ) | |
| Defendants. | | |

I.  Introduction

Pending before the Court is defendant Emerson Electric Co.'s ("Emerson") motion to

reconsider this Court's ruling that Ohio's statute of repose allows a product claim against an

eleven-year-old water heater (ECF 80), plaintiff Federal Insurance Company's ("Federal

Insurance") brief in opposition (ECF 82), and Emerson's reply (ECF 83).  For the reasons

discussed briefly below, the motion is GRANTED and upon reconsideration, this Court

concludes that the statute of repose operates to extinguish Federal Insurance's claims against the

Point of Use water heater *only*.

This case involves a leak at Akron General Health System on November 28, 2006 from a

bronze In-Sink-Erator W-152 Point of Use water heater ("POU heater") made by Emerson which

had been fit with a steel-based replacement heating element ("replacement heating element")

also made by Emerson.  According to Akron General's general contractor, the POU heater was

(5:07 CV 2715)

purchased and installed before the end of summer 1996.  ECF 66-7, pp.2-3.  The replacement

heating element was purchased in 2003.  ECF 53-3, p. 2.

## II.  Motion for Reconsideration

Emerson has asked this Court to reconsider its "summary judgment ruling that Ohio's

statute of repose is not applicable to plaintiff's product liability claim against he point of use

water heater."  Emerson claims that "the ruling appears to combine the claims against the water

heater with the claim against the replacement heating element, when those are two separate

claims, with the claim against the water heater being barred by the statute of repose."  ECF 80,

p. 1.

Federal Insurance argues that "the Court correctly held that Federal Insurance's claims

were not barred by the statue of repose.  In its motion for summary judgment, Emerson argued

that because any claim with respect to the water heater accrued beyond the ten year period set

forth in R.C. § 2305.10(C), 'all product liability claims were extinguished before the incident

ever happened.'  Emerson has now changed its position and has conceded in its motion for

reconsideration that the statute of repose does not apply to all of Federal Insurance's claims.

Instead, Emerson now agrees that it cannot shield itself from liability by virtue of the statute of

repose for claims relating to the replacement heating element."  ECF 82, p. 3.

To the extent that the Court's ruling created confusion, the Court holds that the statute of

repose, R.C. § 2305.10(C), extinguishes the claims against Emerson for the POU water heater

*only.*  The statutory products liability claims against Emerson for the heating element remain, as

set forth in ECF 75.

2

(5:07 CV 2715)

## III.  CONCLUSION

For these reasons the Court GRANTS Emerson's motion for reconsideration and holds

that the claims against Emerson for the POU water heater, only, are extinguished under the

statute of repose.

IT IS SO ORDERED.


 March 12, 2010                                          *s/ David D. Dowd, Jr.*
Date                                               David D. Dowd, Jr.
                                                   U.S. District Judge